FILED

June 30, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 9:13 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **MARY FRANCES VESTER,** | ) | **Docket No. 2016-06-1427** |
| Employee, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **State File No. 51455-2016** |
| **HOME HEALTH CARE OF MIDDLE** | ) | |
| **TENNESSEE, LLC,** | ) | |
| Employer, | ) | |
| | ) | |
| **And** | ) | **Judge Joshua Davis Baker** |
| **UNITED HEARTLAND,** | ) | |
| Insurance Carrier. | ) | |

## COMPENSATION HEARING ORDER GRANTING
## MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on June 19, 2017, upon the Motion for Summary Judgment filed by Home Health Care of Middle Tennessee, LLC (HHC) under Rule 56 of the Tennessee Rules of Civil Procedure. The determinative legal issue is whether HHC is entitled to summary judgment as a matter of law because Ms. Vester was not at work on the date of injury. Ms. Vester did not file a response to HHC's Motion and did not attend the hearing. Based on its review of HHC's motion and arguments, the Court grants HHC's Motion for Summary Judgment.

## History of Claim

Ms. Vester, a registered nurse, alleged she injured her cervical spine on June 20 or 21, 2016, during her employment with HHC at the home of Anastasia Murray, a client of HHC. After an expedited hearing, this Court found Ms. Vester was not working for HHC on either of the alleged dates of injury. The Court found the testimony of HHC's human resources manager, Kellie Thiede, established that Ms. Vester worked in Ms. Murray's home on June 15, but did not return to work there again until June 30. While Ms. Vester testified she had difficulty remembering exact dates, she repeatedly maintained in testimony, her affidavit, and in her Petition for Benefit Determination (PBD) that the

injury occurred on either June 20 or 21.  Crediting the testimony of Ms. Thiede , the Court concluded Ms. Vester was not injured "within the period of employment, at a place where the employee reasonably may be…while fulfilling work duties," since she was not at work when she was injured.  *Blankenship v. Am. Ordnance Sys. LLC*, 164 S.W.3d 350, 354 (Tenn. 2005).  The Court entered an order denying her claim.

HHC filed its Motion for Summary Judgment, a Statement of Undisputed Facts, and a Memorandum of Law in Support of Summary Judgment.  In accordance with the Court's Practices and Procedures, HHC also filed a copy of Rule 56 for the benefit of Ms. Vester, a self-represented litigant.  Ms. Vester did not file a response to the motion.

## Legal Principles and Analysis

Motions for summary judgment are governed by Tennessee Rule of Civil Procedure 56.04, which provides for entry of summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Further, the Tennessee General Assembly codified the burden of proof in summary judgment motions as follows:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2016); *Payne v. D and D Elec.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (May 4, 2016).

If the moving party meets its burden of negating an essential element or demonstrating evidence is insufficient, then the injured employee, as the nonmoving party, must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [his or her] favor[.]" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).  Thus, if HHC meets its burden of proof, Ms. Vester must do more than simply show some "metaphysical doubt" as to the material facts.  In other words, the Court must focus on any evidence Ms. Vester presents at the summary judgment stage, "not on hypothetical evidence that theoretically could be adduced [by her] . . . at a future trial." *Id*.

2

An essential element of Ms. Vester's claim includes proving she suffered an injury during the course and scope of her employment with HHC. An injury occurs "in the course and scope of employment if 'it takes place within the period of employment, at a place where the employee reasonably may be, and while the employee is fulfilling work duties.'" *Blankenship,* 164 S.W.3d at 354. In its statement of undisputed facts, HHC included the following facts: (1) Ms. Vester alleged her injury occurred either June 20 or 21. (2) Ms. Theide testified, based upon a productivity report, that Ms. Vester was not working on June 20 or 21. HHC provided a copy of the trial transcript in support of these facts. Furthermore, the Court heard both witnesses testify at an expedited hearing and found the testimony established Ms. Vester was not working for HHC on the date she allegedly suffered her injury. Thus, HHC negated an essential element of Ms. Vester's claim by demonstrating her injury did not occur within a period of employment.

HHC complied with Rule 56's requirements and this Court's rule to provide a copy of Rule 56 to Ms. Vester. She failed to respond and failed to provide any evidence that she was at work on June 20 or June 21. As noted in *Rye*, "[t]he focus is on the evidence the nonmoving party comes forward with *at the summary judgment stage*, not on hypothetical evidence that theoretically could be adduced…at a future trial." *Id.* at 265 (emphasis added). Therefore, the Court holds Ms. Vester failed to "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [her] favor." *Id.* Accordingly, the Court grants HHC's Motion.

**IT IS, THEREFORE, ORDERED** as follows:

1. HHC's Motion for Summary Judgment is granted.

2. Ms. Vester's claim is dismissed with prejudice.

3. The Court assesses the $150 filing fee to HHC pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2017), for which execution may issue as necessary.

4. Absent an appeal of this order by either party, the order shall become final thirty days after its issuance.

5. HHC shall prepare and submit the SD-1 for this matter within ten calendar days of the order becoming final.

**ENTERED ON THIS THE 30TH DAY OF JUNE, 2017.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order was sent to the following recipients by the following methods of service on this the 30th day of June, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Mary Vester, Self-represented Employee | X | | X | 1205 Plymouth Avenue Nashville, Tennessee 37216 astrofran@aol.com |
| Gordon Aulgur, Employer's Attorney | | | X | Gordon.aulgur@accidentfund.com |

_____
**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4